[Cite as *In re Langwasser*, 2011-Ohio-7084.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: CHRISTIAN M. LANGWASSER

CHRISTIAN M. LANGWASSER

      Applicant

Case No. V2009-40790

Judge Clark B. Weaver Sr.

<u>DECISION</u>

{¶1} This matter came on to be considered upon the applicant's appeal from the January 27, 2011, order issued by the panel of commissioners. The panel's determination affirmed the final decision of the Attorney General, which had granted applicant awards representing medical, mileage, and evidence replacement expenses, but denied applicant's claim for work loss.

{¶2} R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that applicant failed to present sufficient evidence to meet his burden regarding work loss.

{¶3} The standard for reviewing claims that are appealed to the court is established by R.C. 2743.61(C), which provides in pertinent part: "If upon hearing and consideration of the record and evidence, the judge decides that the decision of the panel of commissioners is unreasonable or unlawful, the judge shall reverse and vacate the decision or modify it and enter judgment on the claim. The decision of the judge of the court of claims is final."

{¶4} Applicant suffered injuries as a result of criminally injurious conduct which prevented him from participating in the University of Kentucky ROTC program.

According to evidence in the claim file, applicant had been awarded an ROTC scholarship and he would have received an annual $3,000 stipend for participating in the program. Applicant asserts that the loss of the stipend constitutes work loss as defined in R.C. 2743.51(G).

{¶5} The two-commissioner panel determined that "the stipend was an integral part of the scholarship, no different than an athletic scholarship which has already been found to be a non-compensable expense" pursuant to the holding in *In re Gilford*, V92-85377sc (11-30-93). Specifically, the majority of the panel found that applicant failed to provide sufficient information to show either "what specific job duties, hours of employment, or performance requirements were necessary" to receive the stipend or "the relationship between the scholarship and the stipend" so as to prove that he is entitled to an award for work loss.

{¶6} The sole issue before the court is whether the loss of the stipend meets the statutory definition of work loss as set forth in R.C. 2743.51(G), which states: "'Work loss' means loss of income from work that the injured person would have performed if the person had not been injured . . ."

{¶7} In his dissent, Commissioner Pierre-Louis noted that the court has previously granted an award representing work loss to a victim of crime who was injured after having been accepted into a military program which offered educational and financial benefits. *In re Dimon, Jr.*, V83-61532tc (11-2-84). He also observed that Black's Law Dictionary defines stipend as "a salary or other regular periodic payment."

{¶8} The court finds that the evidence in the claim file, including the October 27, 2008 letter signed by Bradley D. Harrington, Lieutenant Colonel, USAR, shows that applicant was eligible to receive the ROTC scholarship and stipend. According to Lieutenant Colonel Harrington, the stipend was awarded in addition to full tuition and fees, room and board, and an annual book allowance. Therefore, the court finds that the stipend constituted a benefit that was to be paid in

addition to the scholarship and that applicant has satisfied his burden of proving that the stipend represented compensation for duties that applicant would have been required to perform in the ROTC program. Accordingly, the court concludes that the loss of such compensation represents work loss pursuant to R.C. 2743.51(G).

{¶9} Upon review of the file in this matter, the court finds that applicant has shown by a preponderance of the evidence that he was entitled to an additional award of reparations.

{¶10} Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unreasonable. Therefore, the decision of the two-commissioner panel shall be reversed.

ORDER

{¶11} Upon review of the evidence, the court finds the order of the panel of commissioners must be reversed.

{¶12} IT IS HEREBY ORDERED THAT:

{¶13} The order of January 27, 2011, (Jr. Vol. 2277, Page 179) is reversed and judgment is rendered in favor of applicant;

{¶14} This claim is REMANDED to the Attorney General for economic loss calculation and decision;

{¶15} Costs assumed by the reparations fund.

 

CLARK B. WEAVER SR.
Judge

AMR/mdw

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Delaware County Prosecuting Attorney and to:

Filed 6-8-11
Jr. Vol. 2279, Pg. 8
Sent to S.C. Reporter 7-19-13